UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:16-cr-00034-GFVT-HAI-7 |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JAMES RONALD JONES, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 20, 2017, United States Magistrate Judge Hanly A. Ingram held a detention hearing for Defendant James Ronald Jones. [R. 237.] Judge Ingram then determined Mr. Jones should be detained pending trial pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq*. [R. 240.] Nearly five months later, Mr. Jones now requests reconsideration of that order pursuant to 18 U.S.C. § 3145(b) by the undersigned. [R. 323.] For the reasons that follow, the Court overrules Mr. Jones's objections to Magistrate Judge Ingram's detention order, and Mr. Jones shall remain in custody pending trial.

**I**

**A**

Initially, a grand jury returned a second superseding indictment in this case on November 9, 2017, adding Mr. Jones as a defendant and charging him with conspiracy to distribute controlled substances, to include a quantity of pills containing oxycodone, a Schedule II controlled substance. [R. 181 at 1–2.] This conspiracy is in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id*.

Consistent with the Court's local practice, Magistrate Judge Hanly A. Ingram presided over Mr. Jones's initial appearance, arraignment, and detention hearing. [R. 224; R. 237.] Judge Ingram determined detention was required in this case, and imposed detention pending trial. [R. 240.] Mr. Jones challenged this detention order and requests that this Court, after a *de novo* review of the record and an independent detention review hearing, release Mr. Jones pending trial. [R. 323.]

**B**

In his detention order, Magistrate Judge Ingram discussed the presumption of detention as to flight risk and danger that applies to this case. [R. 240.] The findings in the detention order were based on testimony of one Defense witness, Mr. Christopher Snyder, who considered himself a close friend to Mr. Jones, and Agent Kyle Sizemore, a Diversion Investigator with the DEA. *Id*. at 1–2. Mr. Jones also submitted several character letters. *Id*. Based on this evidence, Judge Ingram found that Mr. Jones initially rebutted the presumption of detention for flight risk and danger. *Id*. at 5. However, the presumption of detention does not completely disappear, even when a defendant can rebut it. Instead, the presumption retains evidentiary weight to be considered along with the other factors of § 3142(g). *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010).

Ultimately, Judge Ingram found that the factors set forth in 18 U.S.C. § 3142(g) lean in favor of detention. [R. 240 at 5.] Mr. Jones's charge of conspiracy to distribute oxycodone was a pro-detention factor under § 3142(g)(1). Offenses related to controlled substances are enumerated as offenses where the nature and circumstances of the charged crime weigh in favor of detention. § 3142 (g)(1). If Mr. Jones is convicted of Count 1, he faces up to thirty years imprisonment. [R. 240 at 5.]

Judge Ingram also found that § 3142(g)(2) supported detention of Mr. Jones prior to trial. He discussed how the weight of the evidence regarding the dangerousness of Mr. Jones was substantial, as the alleged conspiracy occurred while Mr. Jones was serving parole. *Id*. at 6. Additionally, evidence showed that Mr. Jones initially lied about being in Sevierville, Tennessee, though hotel receipts were later able to prove his whereabouts. *Id*. Judge Ingram determined this behavior demonstrated disregard for his parole conditions and thus disregard for additional conditions of release. *Id*.

Similarly, Judge Ingram determined that Mr. Jones's history and characteristics under § 3142(g)(3) supported detention. *Id*. Beginning at the age of twenty, Mr. Jones has been convicted for burning motor vehicles, grand larceny, possession with intent to distribute Cocaine Hydrochloride, an attempt to commit felony burglary, and theft, possession, and transportation of stolen vehicles. *Id*. The last of these convictions occurred in 1995, but the alleged conspiracy began in 2007, while Mr. Jones was serving out conditions of parole from his last conviction. *Id*. While Mr. Jones submitted twenty-three character letters indicating he is a hardworking and considerate individual, Judge Ingram determined his criminal history weighed in favor of detention. *Id*.

Finally, Judge Ingram found that § 3142(g)(4) supported detention of Mr. Jones. *Id*. at 7. The allegations of burglaries of pharmacies in order to traffic in oxycodone is a serious charge. *Id*. Such behavior is a danger to the community. Additionally, Judge Ingram was concerned that this conspiracy occurred during a period of parole for Mr. Jones, and that Mr. Jones's statements related to his stay in Sevierville were not consistent with hotel receipts for which he signed. *Id*.

Ultimately the § 3142 factors "combine to indicate significant danger risks of a serious nature," and these danger risks to the Community are what the Magistrate Judge relied on to

justify detention pending trial. Mr. Jones, through counsel, now seeks review of Judge Ingram's findings [R. 240], and the Court considers the matter *de novo*. *See, e.g., United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, at *2 (E.D. Ky. July 17, 2015); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000).

**II**

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The default position of the law is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, this default is modified for certain defendants considered "particularly dangerous." *Id.* If probable cause exists to believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption in favor of detention. A grand jury indictment alone will satisfy the probable cause requirement. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

Section 3142(e)(3) imposes a "burden of production" on the defendant, while the Government retains the ultimate "burden of persuasion." *Stone*, 608 F.3d at 945. While a defendant's burden of production is not heavy, the defendant must come forward with some evidence to suggest he poses neither a risk of flight nor a danger to the community. *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Satisfying this burden of production is insufficient to overcome fully the presumption in favor of detention; instead, the presumption remains a factor to be weighed by the district court. *Id.*

Regardless of whether or not a presumption in favor of detention applies to a particular

4

defendant, the Government must prove that no conditions of release can ensure the safety of the community or the defendant's appearance in future court proceedings. *Id.* Title 18 U.S.C. § 3142(g) delineates factors for courts to consider in order to determine whether the Government has satisfied this burden of persuasion:

>  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>  (2) the weight of the evidence against the person;
>
>  (3) the history and characteristics of the person, including –
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). A court's consideration of these factors should not be construed to modify or limit the defendant's presumption of innocence. 18 U.S.C. § 3142(j).

With this legal framework in mind, the Court considers Mr. Jones's request. First, the Court finds the Government satisfied its burden to show probable cause that Mr. Jones committed one of the crimes listed in 18 U.S.C. § 3142(e)(3). A grand jury indictment was returned against Mr. Jones charging him with conspiring with Robert Nunley, Christopher Land, Anthony Bosio, Kenneth Britton, Randy Stiefel, Jamie Sweeton, and Tony Britton to knowingly and intentionally distribute controlled substances, to include a quantity of pills containing

5

oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. [R. 181 at 1–2.] Because of his prior felony drug convictions, Mr. Jones faces up to thirty years of incarceration. *Id*. at 6. As a result, the default in Mr. Jones's case is a presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3); *Hazime*, 762 F.2d at 37.

Because of this presumption, the burden shifts to Mr. Jones to offer rebuttal evidence. To overcome the initial presumption, Mr. Jones bears a burden of production to demonstrate he is not a flight risk and not a danger to the community. *Stone*, 608 F.3d at 945. Mr. Jones tendered character letters to the Court, which asserted that he was of good character and would abide by terms of release. [R. 240 at 1.] Additionally, at the hearing before Magistrate Judge Ingram, Mr. Jones called Mr. Christopher Snyder to testify that Mr. Jones was not a flight risk or danger to the community. *Id.* Accordingly, Mr. Jones has satisfied his burden of production.

Although Mr. Jones has overcome the low rebuttal threshold necessary to rebut the presumption as to his dangerousness and risk of flight, the Court finds the Government has adequately satisfied its burden of persuasion to warrant his pretrial detention. Once a defendant satisfies the burden of production, the burden shifts back to the Government to prove that no conditions of release will assure the appearance of the defendant and the safety of the community. *Stone*, 608 at 945–46. Here, the Government responded with testimony from Agent Kyle Sizemore at Mr. Jones's initial hearing. The Court now turns to the factors of 18 U.S.C. § 3142(g) to determine whether the Government has met their burden of persuasion.

First, the "nature and circumstances of the offense charged" clearly weigh in favor of detention. 18 U.S.C. § 3142(g)(1) specifically directs the Court to consider whether the charged offense "involves… a controlled substance." Mr. Jones charges directly involve a conspiracy to distribute controlled substances, and therefore, § 3142(g)(1) supports detention.

6

Next, the "weight of the evidence" against Mr. Jones slightly favors detention, though there are mitigating factors. *See* 18 U.S.C. § 3142(g)(2). This factor relates to the weight of the evidence of a defendant's dangerousness, not the weight of evidence of his guilt. *Stone*, 608 at 948. Both the Government and Mr. Jones presented witnesses at the detention hearing. [R. 240 at 1–2.] Mr. Snyder testified that Mr. Jones had completed parole without violations, and that Mr. Jones did not steal from his construction clients. *Id*. at 1. Additionally, Mr. Jones presented numerous character letters from his community, attesting to his reliability and dedication to his family. [R. 323-1.] However, the Court is concerned about what Mr. Jones did not reveal. Testimony from Agent Sizemore indicates that he lied to authorities when asked about whether he was in Sevierville, Tennessee on the night of a burglary involving codefendant, Robert Nunley. [R. 240 at 2.] Later, hotel receipts and corroboration from codefendants resulted in Mr. Jones admitting to being in Sevierville, but leaving prior to the burglary. *Id*.

Additionally, according to Agent Sizemore, James Brown has relayed to officials that he has purchased controlled substances from Mr. Jones. *Id*. at 3. Mr. Brown also indicated that he worked for Mr. Jones's carpentry business, where Mr. Jones paid him in narcotics. *Id*. Mr. Jones believes this evidence is not particularly trustworthy, as Mr. Brown has both a reputation for drug addiction problems as well as a reputation for cooperating with law enforcement. [R. 323 at 6.] The Court does not find this argument persuasive. Cooperation with law enforcement suggests reliability of Mr. Brown's statements. *See, e.g.*, *United States v. Pinson*, 321 F.3d 558 (6th Cir. 2003) (upholding search warrant predicated on information from a confidential informant who had provided past information to law enforcement). Furthermore, as the Government notes, Mr. Brown's reputation as a drug addict does not discredit his statements concerning his purchase of narcotics. [R. 336 at 4.] "More doubtful would be a claim of

7

purchasing pills by a witness who never abused drugs." *Id*. Ultimately, the Court believes the weight of the evidence supports pretrial detention of Mr. Jones.

The third § 3142(g) factor, weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(3)(A). While past crimes are not probative of guilt, Mr. Jones's lengthy criminal history suggests detention is appropriate. Letters submitted by his community paint Mr. Jones as a family man and a reliable construction worker, who works hard to provide for his family. [R. 323-1.] However, his love for his family and his abilities in his profession, do not negate a possibility of criminal conduct. Mr. Jones has a lengthy criminal history of serious crimes involving attempted felony burglary, stolen vehicles, grand larceny, burning motor vehicles, and drugs. [R. 240 at 6.] His last conviction occurred in 1995, over twenty years ago, but the indictment charges him with behavior occurring beginning in 2007, when Mr. Jones was released on parole. *Id*. at 6–7. Mr. Jones's previous crimes involving drugs and stolen vehicles also relate to his current criminal charge for a conspiracy involving burglary, stolen vehicles, and controlled substances, suggesting detention is appropriate. [R. 288 at 1120–1123.]

Finally, this Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* 18 U.S.C. § 3142(g)(4). The Court takes notice that this conspiracy allegedly occurred while Mr. Jones was released from custody on parole. [R. 240 at 6.] Such behavior suggests a propensity to continue criminal activity, despite conditions of release. While Mr. Jones questions the credibility of the statements made by his codefendants, he presents no tangible reason for the Court to do so. [R. 323 at 6.] The testimony of Agent Sizemore suggests that Mr. Jones is not always truthful with law enforcement, and the alleged behavior while on parole suggests Mr. Jones would not adhere to any conditions of release that the Court may impose. [R. 240 at 6–7.] The Court is convinced

that no conditions or combination of conditions for release would reasonably assure the required appearance of Mr. Jones and the safety of the community. Ultimately, the Court finds that the Government has adequately satisfied its burden of persuasion to show Mr. Jones's dangerousness or to show his risk of flight.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant James Ronald Jones's Motion to Revoke Detention Order [**R. 323**] shall be **CONSTRUED** as an Objection to Magistrate Judge Hanley A. Ingram's Order of Detention Pending Trial [R. 240];

2. So construed, Mr. Jones's Objections to the Magistrate's Order [**R. 323**] are **OVERRULED**; and

**3.** Mr. Jones shall **REMAIN** in custody pending trial.

This the 17th day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge